IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BITUMINOUS CASUALTY**
**CORPORATION**
                                                      **PLAINTIFF**

**v.**                                                 **CIVIL ACTION # 2:07cv354-KS-MTP**

**SMITH BROS. INC., et al.**                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss [# 15] filed by the Defendants. Because the issues raised in this declaratory judgment action are justiciable and distinct from those in the underlying suit, and because each of the *Trejo* factors weigh in favor of this Court retaining the case, the motion to dismiss should be **denied**.

## I. FACTUAL BACKGROUND

This case involves an insurer's attempt to deny coverage to an insured. After defending its insured for several years following an automobile accident, the insurance company decided to withdraw from their defense and seek a declaratory judgment in this Court that it had no duty to defend its insured. That insured now seeks to dismiss the insurer's claim for a declaratory judgment and force the insurer to bring that claim in the same forum as the underlying litigation.

The underlying action in this case springs from an automobile accident. In September of 2000, Doris Buckley and several members of the Buckley family ("the Buckley Defendants") were involved in an automobile accident with David D. Ducksworth, an employee of Smith

1

Bros., Inc. ("Smith Bros."). The Buckley Defendants allege that Ducksworth, while acting as an agent and employee of Smith Bros., was "careless, reckless, and negligent" in causing his vehicle to strike the vehicle occupied by the Buckley Defendants. *See* Pl.'s Ex. A (Feb. 13, 2008). The Buckley Defendants filed suit against Ducksworth and Smith Bros. in September of 2002 in the First Judicial District of Jasper County, Mississippi.

Prior to the accident, Smith Bros. had purchased an insurance policy from Bituminous Casualty Corporation ("BCC"). Throughout the course of the underlying action, BCC has defended Ducksworth, believing that Ducksworth qualified as an insured under Smith Bros.'s insurance policy. BCC has now reversed this position, and seeks a declaratory judgment that it does not owe Ducksworth a defense. On December 12, 2007, BCC filed the instant case in this Court against Smith Bros., Ducksworth, and the Buckley Defendants to secure the declaratory judgment.

Smith Bros., Ducksworth, and the Buckley Defendants now move to dismiss BCC's claims in this action. They argue that because "this matter has been on going for five and one-half years in the Circuit Court of the First Judicial District of Jasper County, Mississippi," that this case should be dismissed. *See* Def.'s Mot. ¶ 4(Feb. 13, 2008). They further argue that because the state court "first acquired jurisdiction of the controversy," this Court should refrain from hearing the instant case. *Id.* at ¶ 3.

## II. STANDARD OF REVIEW

The Declaratory Judgment Act permits a district court, "upon the filing of an appropriate pleading" to "declare the rights and other legal relations of any interested party seeking such

declaration." 28 U.S.C. § 2201(a).  The act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  This discretion is a stark contrast to the "virtually unflagging obligation" federal courts have to exercise jurisdiction in most instances. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538 (5th Cir. 2002).[1]

In *Orix*, the Fifth Circuit laid out a three-step inquiry for district courts exercising their discretion in considering a declaratory judgment action. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891, 895 (5th Cir.2000).  The district court should ask: (1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) using the factors identified in *Trejo*, how should the court exercise its discretion to decide or dismiss the declaratory judgment action. *Id.*

### III. APPLICATION AND ANALYSIS

First, the instant case easily fits the initial requirement of *Orix* that the case be justiciable. By justiciable, the Court means that the case "can presently be litigated and decided and is not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *See Burlington Ins. Co. v. Mother's Land, Inc.*, 2007 WL 188655 at *2 (S.D. Miss. Jan. 23, 2007).  Because of the underlying action, there is a live controversy between BCC and its insureds, Smith Bros. and Ducksworth.  The existence of this "actual controversy" makes the declaratory action justiciable and ripe for resolution. *See Texas v. West Publishing Co.*, 882

---

[1] The Supreme Court explained it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

F.2d 171, 175 (5th Cir. 1989).

Second, this Court has the authority to grant the relief requested by BCC. A district court might lack the authority if "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2883." *Evanston Ins. Co. v. Campo Music Shopping Center*, 2007 WL 4163429 at *2 (E.D. La. Nov. 21, 2007). In the instant case, none of these identified bars are present. No Defendant has previously filed a cause of action against BCC in state court, and adding BCC in the underlying action after it filed this declaratory action against the Defendants would not prevent this suit. *See AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 319-20 (Miss. 2006). The issues presented by the state case are focused on the tort allegations against Smith Bros. and Ducksworth, and do not encompass the coverage issues presented in this declaratory action. Finally, the anti-injunction act does not prevent this Court from hearing the declaratory action, because no pending state court action involves BCC or seeks to litigate the coverage issues presented in this case.[2]

Third, the discretionary factors identified in *Trejo* all weigh in favor of this Court exercising jurisdiction over the instant case and refusing to abstain. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors, supplemented by the Fifth Circuit in *Day*, include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4)

---

[2] The act states that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments". 28 U.S.C. § 2283.

>whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy...and 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending

*AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 319-20 (5th Cir. 2006).

Applying each of the nonexlcusive *Trejo* factors, this Court concludes that it should exercise its discretion to decide this declaratory action. First, BCC is not party to the underlying suit, hence there is no pending state action where all the matters in controversy could be fully litigated. Second, BCC did not file this action in anticipation of a lawsuit filed by the Defendants. Third, there is no indication of impermissible forum shopping on behalf of BCC, and no inequities will result if BCC were able to bring the case in this forum. Next, there is no indication that the federal forum would inconvenience either party, and the issues to be decided in this case promote judicial efficiency, as they are separate and distinct from those to be decided by the state court. Finally, the federal court is not being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Although the Defendants argue that BCC has waived its ability to deny coverage because it has defended the insureds for a number of years, state law provides otherwise. Under Mississippi law, wavier and estoppel "cannot be applied to broaden the coverage of a policy to include a loss or risk that is not covered by the policy." *Federated Mut. Ins. Co. v. Davis*, 919 F. Supp. 1001, 1006 (S.D. Miss. 1995). As the Mississippi Supreme Court stated in *Speed*:

>This Court follows the general rule that waiver or estoppel can have a field of operation only when the subject matter is within the terms of the policy, and they cannot operate

radically to change the terms of the policy so as to include additional subject matter. Waiver or estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded. An insurer may be estopped by its conduct or knowledge from insisting on a forfeiture of a policy, but the coverage or restrictions on the coverage cannot be extended by the doctrines of waiver or estoppel.

*Employers Fire Ins. Co. v. Speed*, 133 So. 2d 627, 629 (Miss. 1961) (quoted in *Gilley v. Protective Life Ins. Co.*, 17 F.3d 775, 781-82 (5th Cir.1994)).

Because BCC is arguing that Smith Bros. and the actions of Ducksworth are outside the terms of the policy, finding that BCC waived this argument would expand the terms of the policy agreement with Smith Bros. and Ducksworth in a way that is impermissible under state law. Therefore, BCC cannot be estopped from attempting to enforce the exclusion through this declaratory action, regardless of the fact that they've defended the underlying suit for an extended period of time.

## IV. Conclusion

Federal law gives district courts wide discretion in determining whether to entertain a declaratory action. Applying the three factors identified by the Fifth Circuit to guide the discretion of district courts, this Court determines that the case is justiciable, that the Court has the authority to grant the relief requested, and that each of the *Trejo* factors weigh in favor of this Court exercising jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to dismiss [# 15] should be **denied**.

SO ORDERED AND ADJUDGED on this, the 19th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE