IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BITUMINOUS CASUALTY CORPORATION**                                                                 **PLAINTIFF**

**VS.**                                                                                  **CIVIL ACTION NO. 2:07-cv-354-KS-MTP**

**SMITH BROS. INC., et al.**                                                                                 **DEFENDANTS**

## ORDER ON MOTIONS TO COMPEL

This matter is before the court on a Motion to Compel Plaintiff to Fully and Completely Respond to the Defendants' First Set of Request for Production of Documents [37] ("Motion to Compel Production of Documents") and Motion to Compel Plaintiff to Fully and Completely Respond to Defendants' First Set of Interrogatories [36] ("Motion to Compel Interrogatory Responses"), filed by defendants Doris Buckley, Alexia Buckley, Karen Johnson, and Bobby Ray Buckley (the "Buckley Defendants"). Having considered the motions and plaintiff's responses [38] [39], the Court finds that the Motion to Compel Interrogatory Responses [36] should be granted, and that the Motion to Compel Production of Documents [37] should be granted in part and denied in part, as set forth below.

Plaintiff argues in response to the motions that as non-parties to the insurance agreement at issue in this case, the Buckley Defendants lack standing to challenge the effectiveness of the reservation of rights letter, and that the documents and information being sought by the Buckley Defendants are not relevant to the claims pending in this action. Plaintiff also argues that some of the information and documents requested by the Buckley Defendants is confidential, personal information about its policyholders.

The court agrees with plaintiffs that some of the information and documents sought by the Buckley Defendants - specifically, documents relating to policyholders other than Smith

Bros., Inc. and policies other than the subject insurance policies, reinsurance agreements and documents relating to plaintiff's reinsureds, and the establishment of reserves - are not relevant to the claims pending in this action. However, the court finds that the remainder of the documents and information sought by the Buckley Defendants - relating to plaintiff's reservation of rights regarding the state court action, the negotiation and formation of the subject insurance policies, and the investigation of the accident that forms the basis of the state court action - are relevant for purposes of discovery. Plaintiff chose to sue the Buckley Defendants in this action. Plaintiff has put its investigation of the coverage questions, as well as its interpretation of the subject insurance policy, at issue in its Complaint and Amended Complaint. *See* Amended Complaint [31], ¶¶ 11, 13.

Accordingly, IT IS ORDERED:

1. The Motion to Compel Interrogatory Responses [36] is granted.

2. The Motion to Compel Production of Documents [37] is granted in part and denied in part as follows:

    a) Plaintiff shall produce documents responsive to Document Requests 1, 2, 7, 8, 9, 10 (only from 9/29/2000 to the date of the accident at issue and excluding the adjacent files and file folders) and 12; and

    b) Plaintiff need not produce documents responsive to Document Requests 3, 4, 5, 6 and 11.

3. Plaintiff shall produce the documents identified above and shall respond to the interrogatories on or before October 7, 2008. As this information will be produced or provided after the present discovery deadline, the discovery deadline is extended to October 7, 2008 for

this limited purpose. The motions deadline (except for motions *in limine*) is extended to October 21, 2008.

4. If plaintiff withholds any of the requested information or documents under a claim of privilege, plaintiff shall supply a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A) and Local Rule 26.1(A)(1)(c).

5. Should plaintiff desire a protective order to protect information or documents it believes to be confidential or personal, plaintiff shall move for a protective order pursuant to Fed. R. Civ. P. 26(c), on or before September 30, 2008. Alternatively, the parties may submit an agreed protective order to expedite the process.

SO ORDERED this the 22nd day of September, 2008.

s/ Michael T. Parker
United States Magistrate Judge