# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**BITUMINOUS CASUALTY CORPORATION**                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 2:07-cv-354-KS-MTP**

**SMITH BROS. INC., et al.**                                          **DEFENDANTS**

## ORDER

This matter is before the court on a Motion to Extend Discovery Time [41] filed by defendants Doris Buckley, Alexia Buckley, Karen Johnson and Bobby Ray Buckley (the "Buckley Defendants") and a Motion for Stay of Order on Motions to Compel [45] filed by plaintiff. Having considered the motions, the court hereby orders as follows:

1. The Motion to Extend Discovery Time [41] is denied. In this motion, the Buckley Defendants seek an extension of the discovery deadline until February 1, 2009.[1] They argue that in light of the court's Order [40] granting their Motion to Compel Interrogatory Responses [36], granting in part and denying in part their Motion to Compel Production of Documents [37], and requiring plaintiff to produce certain documents and information on or before October 7, 2008, additional discovery "might" be necessary. The court disagrees. The Buckley Defendants have failed to specify what additional discovery is or might be necessary. Moreover, the issue in this declaratory judgment action is relatively narrow: whether plaintiff has a duty to defend and/or indemnify defendants with regard to the claims asserted in the underlying state court action. In its Order [43], the court found that certain information and documents sought by the Buckley Defendants - relating to plaintiff's reservation of rights regarding the state court action, the negotiation and formation of the subject insurance policies, and the investigation of the accident

---

[1] The discovery deadline is set to expire on October 7, 2008. The motions deadline is October 21, 2008. The pretrial conference is set for February 12, 2009, and trial is scheduled for the two week term beginning March 2, 2009.

that forms the basis of the state court action - were relevant to this action.  This discovery is more than sufficient, and the court is not convinced that any further discovery is necessary.

    2.  The Motion for Stay of Order on Motions to Compel [45] is denied.  In this motion, plaintiff seeks a stay of this court's Order [40] pending its appeal to the District Court.  Plaintiff argues that a stay is necessary because the District Judge will not have time to rule on its possible appeal (not yet filed) before it is required to produce the information and documents pursuant to the Order, and that some of the material it has been ordered to produce will be prejudicial to its insured, Smith Brothers Inc. (a defendant in this action), and may be privileged.  The court finds that this motion is without merit.

    Generally, when considering a motion to stay, the court must consider the following:  (1) Whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.  *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984); *Thompson v. Ingalls Shipbuilding*, 2006 WL 455991, at * 1 (S.D. Miss. Feb. 22, 2006).  The burden is on the moving party to demonstrate that a stay is warranted.  *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

    Plaintiff has failed to carry its burden of demonstrating that a stay is warranted.  Plaintiff is unlikely to succeed on the merits of its appeal.  Plaintiff does not identify any specific documents or information that it believes might be privileged or confidential.[2]  Moreover, plaintiff has failed to establish an irreparable injury if the stay is not granted.  In its Order [40], the court stated that if plaintiff desired a protective order to protect information or documents it

---

[2] Notably, Smith Brothers has not objected to the discovery sought by the Buckley Defendants.

believed to be confidential or personal, it should file a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) on or before September 30, 2008. However, no motion for a protective order has been filed. With respect to the privilege issue, as stated by the court in its Order, if plaintiff believes that certain documents or information sought by the Buckley Defendants are privileged, plaintiff shall interpose any privilege objections and supply a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A) and Local Rule 26.1(A)(1)(c). Thus, plaintiff's concerns about producing the information and documents can be appropriately addressed without needlessly prolonging the resolution of this case.

SO ORDERED this the 3rd day of October, 2008.

s/ Michael T. Parker
United States Magistrate Judge